# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REGINA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 7021 |
| ) | |
| JOHN E. POTTER, ) | Judge John W. Darrah |
| Postmaster General of the United States, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Regina Smith, filed suit against Defendant, John E. Potter, Postmaster General of the United States Postal Service. Plaintiff alleges that she was sexually harassed during her employ at the USPS and retaliated against for complaining about the discrimination. Currently before the Court is Defendant's motion to dismiss for failure to state a claim upon which relief can be granted on the grounds of *res judicata* pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

In 1977, Smith began employment as a clerk with the USPS in Chicago, Illinois. In 1999, Smith's co-workers began sexually harassing her at work on a daily basis. Smith reported this behavior to her supervisor. In December of 2004, Smith filed a complaint, alleging sexual harassment in federal court. (*Smith v. Potter*, No. 04 C 8199 (N.D. Ill.) (*Smith I*)). In *Smith I*, Smith alleged that the harassment took place between 1999 and 2002. In September 2005, the USPS filed a motion to dismiss *Smith I* for improper service. A briefing schedule on the USPS's motion was established, allowing Smith to file a response to the USPS's motion to dismiss. Smith did not file a response to the motion to dismiss. Instead, in November of 2005, Smith

filed a motion to voluntarily dismiss *Smith I*. The *Smith I* court granted that motion and dismissed the case with prejudice. Smith, who was represented by counsel at this point, did not seek to amend the order to specify that she wanted the dismissal to be without prejudice.

Beginning in 2002, but after Smith filed Equal Employment Opportunity ("EEO") charges with the USPS, another employee, Dora Adams, began spreading rumors about Smith and her husband. Adams soon retired, but the rumor has persisted until the present.

In December 2003 and January 2004, Smith's co-workers spread a rumor that Smith wanted to have sex with her supervisor, Richard Branch. In January 2004, Smith reported these rumors to John Richardson of the Human Resources Department. She also reported them to Alexis Knight, another employee in the Human Resources Department.

Beginning in May 2005 and continuing through August 2005, co-workers spread rumors that Smith would have sex with them. Other employees spread rumors that Smith was gay. Smith reported this behavior to Richardson. Smith also wrote letters to other USPS employees about this behavior. Similar rumors continued until July 2005.

In August 2005, Smith filed a second EEO charge, alleging she was being sexually harassed at work. In October 2005, the Postal Service dismissed Smith's EEO charge on grounds of *res judicata* because she had already pursued a claim of ongoing sexual harassment in the administrative claim that led to her then-pending district court case – *Smith I* (the case voluntarily dismissed by Smith, discussed above).

In December 2005, Smith refiled her complaint as a new case, this time basing the complaint on ongoing sexual harassment that began in December 2004 and continuing through 2004-2005; that case was assigned to this Court (*Smith II*). In *Smith II*, Smith alleges that the

above conduct constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and that she was retaliated against for complaining about the discrimination.

## ANALYSIS

The USPS argues that Smith's sexual harassment claim is barred by *res judicata*. *Res judicata*, or claim preclusion, bars parties from litigating those claims that have previously been litigated or could have been litigated previously. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The federal rules of claim preclusion apply because the preceding litigation was in federal court on a federal cause of action. *Central States, Southeast and Southwest Area Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). "Res *judicata* protects a victorious party from being dragged into court time and time again by the same opponent on the same cause of action." *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1402 (7th Cir. 1987).

*Res judicata* bars a claim when there is: (1) a final judgment on the merits; (2) identity of the parties or privies; and (3) identity of the cause of action. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir.1995). The doctrine of *res judicata* is not triggered unless there has been a prior final judgment on the merits. *Bunker Ramo Corp. v. United Bus. Forms, Inc.*, 713 F. 2d 1271, 1277 (7th Cir. 1983). A dismissal with prejudice constitutes a judgment on the merits for purposes of *res judicata. See Golden v. Barenburg*, 53 F.3d 866, 871 (7th Cir. 1995) (prior dismissal pursuant to Rule 41(a)(1)(ii) with prejudice constituted final judgment on the merits for purposes of *res judicata*); *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971); *Brenston v. Dedelow*, 2005 WL 2204870 (N.D. Ind. Sept. 7, 2005).

The Minute Order of November 1, 2005, dismissing Smith's original suit states, "Plaintiff's motion to voluntarily dismiss the complaint with prejudice is granted." *Smith I* was ultimately dismissed *with prejudice* because of a motion voluntarily filed by Smith to dismiss the case. Following the dismissal *with prejudice*, Smith did not seek to amend the dismissal to be without prejudice. Therefore, the dismissal of Smith's original suit with prejudice operates as an adjudication upon the merits.

The second requirement of *res judicata* is identity of the parties or their privies. In general, privity exists between parties who adequately represent the same legal interests. *In the matter of L & S Industries, Inc.*, 989 F. 2d 929, 932 (7th Cir. 1993) (*L& S Industries*); *People Who Care, et al. v. Rockford Bd. of Ed.*, 68 F.3d 172, 177 (7th Cir.1995). The question of whether privity exists is a fact-intensive determination reviewed on a sliding scale. *L & S Industries*, 989 F.2d at 933. Smith is the lone plaintiff in both actions. In addition, the USPS is the lone Defendant in both actions. Therefore, no privity issue exists in this case.

The final element of *res judicata* is identity of the cause of action. There is identity of the cause of action if there is "a single core of operative facts which gives rise to a remedy." *Anderson v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996), *quoting Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986).

As to Smith's harassment claim, there is identity of the cause of action between Smith's original suit and her current suit. Both claims arise from alleged sexual harassment that occurred in the workplace. All of the alleged conduct occurred either prior to the filing of her original complaint or while the original complaint was still pending. Furthermore, any of the claims of harassment that Smith could have brought based on the same conduct could have also been

4

brought in the original complaint. In *Smith I*, Smith alleged ongoing harassment – the same harassment that constitutes the allegations in *Smith II*. Thus, the scope of *Smith I* against the USPS for failing to stop the ongoing harassment was the same as the scope of the claim now before this Court.

Smith, citing to *Green v. Illinois Dept. of Transp.*, 609 F. Supp. 1021 (N.D. Ill. 1985), argues that her claims arising from conduct after the first case was filed should not be barred. In *Green*, the plaintiff filed suit in 1981, alleging he was harassed in retaliation for filing an EEOC complaint in 1980 and that he was denied a promotion in late 1980 because of his race. In December 1983, Green's suit was dismissed for want of prosecution. *Green*, 609 F. Supp. at 1023. In July 1983, while Green's suit was still pending, Green filed another EEOC complaint, alleging that his recent termination was both retaliatory and based on race. The second EEOC complaint also alleged a second denial of promotion and continuing harassment. In Augsut 1984, Green filed a second suit, alleging ongoing discrimination and retaliation. *Green*, 609 F. Supp. at 1023.

The *Green* court found that Green's retaliation claims based on his termination and second denial of promotion were not barred by *res judicata* because they were separate acts, constituting new claims and that Green was not required to amend his first complaint to include these claims. *Green*, 609 F. Supp. at 1025-26. However, Green's allegations in the second suit based on harassment that were included in his first suit were barred by *res judiacta*. Green's allegations of continuing harassment were also barred by *res judicata* because Green's prayer to have the harassment stopped in the first suit would have stopped the harassment from continuing beyond the date of judgment of the first suit. *Green*, 609 F. Supp. at 1026.

As in *Green*, Smith's first suit alleged harassment and sought relief to have the harassment stopped. Smith's second suit alleges the same harassment and a continuation of harassment. As in *Green*, Smith's prayer to have the harassment stopped in her first suit would have stopped the harassment from continuing; and *res judicata* bars Smith's claim of continuing harassment. *See Green*, 609 F. Supp. at 1026.

However, Smith also alleges she was retaliated against for complaining of discrimination. The USPS's Motion to Dismiss, while seeking to dismiss Smith's First Amended Complaint, did not specifically address the retaliation claim. Neither does Plaintiff's response specifically address the retaliation claim. The USPS's reply brief does present argument as to the retaliation claim; however, a party may not raise new arguments in its reply brief. *See United States v. Stevens*, 380 F.3d 1021, 1025 (7th Cir. 2004). Accordingly, the viability of Smith's retaliation claim is not addressed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part. Smith's harassment claim in her First Amended Complaint is dismissed with prejudice.

Dated: September 13, 2006

JOHN W. DARRAH
United States District Court Judge