UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 7021 |
| ) | |
| JOHN E. POTTER, ) | Judge John W. Darrah |
| Postmaster General of the United States, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Regina Smith, filed suit against Defendant, John E. Potter, Postmaster General of the United States Postal Service ("USPS"). Plaintiff alleges that she was sexually harassed during her employment at the USPS and retaliated against for complaining about the discrimination. In September 2006, Smith's sexual harassment claim was dismissed on grounds of *res judicata*. Currently before the Court is Defendant's motion for summary judgment as to Smith's remaining retaliation claim.

Smith filed a response brief to Defendant's motion but did not file a response to the USPS's proposed undisputed statement of material facts. Therefore, all the material facts averred by the USPS are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). However, the USPS's motion for summary judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

## FACTS

In July 2005, prior to filing this suit, Smith completed an Information for Pre-Complaint Counseling form to initiate Equal Employment Opportunity ("EEO") counseling. Smith did not allege any form of retaliation in this form. (Def.'s 56.1(a)(3) Statement ¶ 2). In September 2005, Smith filed a formal EEO Complaint of Discrimination. Smith did not allege retaliation in the formal charge. (Id., ¶ 3). The formal charge form contains eight boxes listing different types of discrimination claims. (Id., ¶ 4). Smith checked the "Sex" box but did not check the "Retaliation" box. (Id., ¶ 5). Smith attached several pages of narrative to both forms; neither narrative includes a complaint that she had been retaliated against by anyone at the USPS for her prior EEO activity. (Id., ¶ 6). Smith filed the instant suit in December 2005.

## ANALYSIS

The USPS argues that Smith's retaliation claim should be dismissed because Smith failed to exhaust her administrative remedies by not raising her retaliation claim in her EEO charge.

Title VII plaintiffs must initially bring a charge with the appropriate administrative body – *i.e.*, Equal Employment Opportunity Commission ("EEOC") or Equal Employment Office ("EEO") – before pursuing a claim in federal court; and, thus, Title VII claims cannot be brought if they were not included in the plaintiff's EEOC charge. *See National Passenger R.R. Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (*Morgan*); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (*Babrocky*). An exception to this general rule, which allows a claim not included in the EEOC charge to be pursued in federal court, exists when that subsequent claim is "reasonably related" to the claim that was included in the EEOC charge. *See Geldon v.*

*South Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (*Geldon*); *Babrocky*, 773 F.2d at 864. This exception applies to retaliation claims if the alleged retaliation claim arose after the EEOC charge was filed. *See McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 482-483 (7th Cir.1996) (*McKenzie*).

However, the retaliation claim, as with any claim that was not included in the EEOC charge and is later alleged in a complaint, must be similar or reasonably related to the allegations in the EEOC charge and grow out of those allegations. *See Geldon*, 414 F.3d at 819-20; *McKenzie*, 92 F.3d at 481-482; *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (*Cheek*). To be reasonably related, a factual relationship must exist between both claims; specifically, a claim in a Title VII plaintiff's complaint and an EEOC charge are reasonably related when the subsequent claim can be reasonably expected to be developed from an investigation of the allegations in the EEOC charge. *See Cheek*, 31 F.3d at 500. Claims are not alike or reasonably related if the EEOC charge and the complaint do not describe the same conduct and implicate the same individuals. *See McKenzie*, 92 F.3d at 481. Generally, retaliation claims that occur *prior* to the filing of an EEOC charge that are not included in the subsequent EEOC charge are barred because the alleged retaliation "could have been – and should have been – included in [the] administrative charges. . . ." *McKenzie*, 92 F.3d at 483; *see also Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1988) (alleged retaliation that occurred prior to original charge of discrimination was barred); *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97-98 (7th Cir. 1993) (alleged age discrimination did not allow inference of retaliation not included in original charge).

The USPS argues that the *Morgan* court effectively foreclosed on any exception to the exhaustion rule with the exception of equitable tolling or estoppel. *See Morgan*, 535 U.S. at 113 (conduct that has not been pursued administratively are time-barred, and "not actionable . . ., even when they are related to acts alleged in timely filed charges." However, the exception, which is sparingly applied, may still be applicable post-*Morgan*. *See Geldon*, 414 F.3d at 819-20 (applying exception post-*Morgan*).

Smith's suit in this Court alleges that she was retaliated against after she filed a complaint in federal court in December 2004, alleging sexual harassment that took place between 1999 and 2002. Smith voluntarily dismissed that case in November 2005. The alleged retaliatory acts that form the basis of Smith's present claim in this Court is the alleged sexual harassment that took place after Smith filed her first complaint.

Smith concedes that prior to filing this suit, she did not include a charge of retaliation in her EEO charge and that the retaliation alleged in this suit occurred prior to her filing her EEO charge. Rather, Smith argues that because her prior case was pending in 2004, a short time before the charge of sexual harassment in the instant case, it "could have easily been suspected that the sexual harassment could have been retaliatory in nature. . . ." Apparently, in support of her argument, Smith points out that the alleged harassers in the 2004 complaint were different than those named in the present action; therefore, the USPS "could easily have suspected that the sexual harassment could have been retaliatory in nature."

Smith's argument is without merit. The EEO charge that is the basis of this Complaint does not include any allegations of retaliation even though the alleged retaliation took place *prior* to the EEO charge being filed. Nor does the EEO charge mention the prior alleged

discrimination between 1999 and 2002 and the resultant 2004 federal court complaint of which Plaintiff's present retaliation claim arises. Instead, the EEO charge here alleges discrete acts of alleged sexual harassment based on rumors spread about Smith. There is no indication in the EEO charge here that the alleged sexual harassment was an adverse employment action because of Smith's prior unmentioned civil suit. Furthermore, contrary to Smith's argument, the fact that the alleged harassers in the 2004 action are different than those named in the present action weighs against an inference that the USPS could easily have suspected that the sexual harassment could have been retaliatory in nature and that the retaliation claim is similar or reasonably related to the allegations in the EEOC charge and grow out of those allegations. *See McKenzie*, 92 F.3d at 481.

Based on the above, Smith could have – and should have – included her allegations of retaliation in her EEO charge but failed to do so. Furthermore, Smith does not allege and offers no evidence that her retaliation is not barred because of equitable tolling or estoppel. Accordingly, Smith's retaliation is barred.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.

Dated: February 7, 2007

JOHN W. DARRAH
United States District Court Judge