MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN E. POTTER, Postmaster General, )<br>United States Postal Service, )<br>)<br>Defendant. ) | Case No. 05 CV 7021<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Motion for Summary Judgment of Defendant John E. Potter, Postmaster General of the United States Postal Service (the "USPS"). For the reasons stated below, the motion is granted.

## LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006). The moving party has the initial burden to show that the evidence is insufficient to establish a material element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, the non-moving party cannot rest on conclusory pleadings but must "set forth

1

specific facts in affidavits or otherwise to show that there is a genuine issue of material fact that must be decided at trial." *Colan v. Cutler-Hammer, Inc.*, 812 F.2d 357, 361 (7th Cir. 1987). That is, the non-moving party must "present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). If the evidence supporting the non-moving party's claim is insufficient for a reasonable jury to return a verdict in its favor, the court will grant summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## BACKGROUND

Plaintiff began her employment with the USPS in 1977 as a clerk. (Am. Complt. ¶ 10.) Plaintiff alleges that, beginning in 1999, her coworkers began sexually harassing her at work. However, Plaintiff's allegations in this case pertain only to alleged sexual harassment Plaintiff experienced beginning in 2002 through 2005. (*See* Am. Complt. ¶¶ 14-18.) Specifically, Plaintiff alleges that from 2002 through 2005, at various times, coworkers spread rumors of a sexual nature about her, some of which she reported to Human Resources and some of which she did not report because she overhead her supervisors laugh at some of the rumors. Plaintiff alleges that this conduct constituted sexual harassment in violation of Title VII of the Civil Rights Act of 1964.[1]

---

[1]This prior history of the case, briefly, is as follows. Plaintiff filed a previous action, *Smith v. Potter*, 04 CV 8199 (*Smith I*) in federal court, allegedly based on sexual harassment that occurred between 1999 and 2002. Plaintiff voluntarily dismissed *Smith I* in October 2005. Subsequently, Plaintiff filed this suit as a new case, alleging ongoing sexual harassment in violation of Title VII and retaliation for complaining about discrimination. In a Memorandum Opinion and Order dated September 13, 2006, the Court granted a motion by the USPS to dismiss Plaintiff's harassment claim on the ground that it was barred by *res judicata.* Subsequently, the Court granted a motion by the USPS for summary judgment on Plaintiff's

2

The parties agree, in their filings required under Local Rule 56.1,[2] that Plaintiff filed an Information for Pre-Complaint Counseling with USPS's EEO office on August 23, 2005; and this Information sets forth Plaintiff's allegations of harassment in this case. (*See* Pltf. Local Rule 56.1 SOF ("PSOF", ¶ 10)). Plaintiff stated in the August 23, 2005 Information:

> D.D. Avery . . . and various co-workers are spreading lies that I have been asking my [supervisor] to have sex with him, that I was gay, that I have been asking co-workers to have sex with them, that I wanted to feel their breast[s], that I wanted to have oral sex and other kinds of sex with them . . . It would have been futile to go to EEO to report sexual harassment every 45 days because past reports to EEO and letters to upper management complaining of sexual harassment did not stop the harassment. My supervisors heard these comments and repeated them to co-workers and laughed about it. In addition Mr. Branch (supv. T-1) spread lies that I had asked him to have sex with me. A co-worker (retired) spread a rumor that my husband was not making love to me right. I've heard co-workers say things like, "go on and hit it, it will only take five minutes.["] I've heard co-workers say I must be stale down there, ["]it must be something wrong with it." I've heard co-workers say, extra, extra read all about it. I've been called horrible names. On and on.

(Def. Local Rule 56.1 SOF, Ex. 4; see also PSOF, ¶ 11.)

---

remaining claim of retaliation on the ground that Plaintiff's EEO charge did not include allegations of retaliation. The Seventh Circuit issued an opinion in January 29, 2008, holding that Plaintiff's harassment claim is not barred by *res judicata* and remanded the case. Therefore, only Plaintiff's harassment claim remains.

[2]Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the non-moving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to respond to a Rule 56.1 statement results in the court's admitting the uncontroverted statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

As a preliminary matter, USPS moves to strike various portions of Plaintiff's response to USPS's Local Rule 56.1 Statement of Facts. (Docket No. 93.) However, the Court has broad discretion to enforce Rule 56.1. *Feliberty v. Kemper Corp.*, 98 F.3d 274, 278 (7th Cir. 1996). USPS's motion to strike is denied. USPS's specific objections to Plaintiff's responses will be addressed in the analysis below only if pertinent to resolution of the pending motion.

## ANALYSIS

USPS makes two arguments in support of its motion for summary judgment: (1) that Plaintiff has "waived" her sexual harassment claims, and (2) Plaintiff's evidence is insufficient to make out a *prima facie* case of sexual harassment.

### *Waiver*

USPS's waiver argument is based on 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.105(a)(1). Title 42 U.S.C. § 2000e-16(c) requires employees, alleging unlawful discrimination under Title VII, to file an action in district court within 90 days after receiving notice of the final agency action on his complaint.[2] Title 29 C.F.R. § 1614.105 pertains to the pre-complaint processing of discrimination claims of federal employees. It provides that before a federal employee may file a Title VII action in court, the "aggrieved person must initiate contact with a Counselor within 45 days of the date of the

---

[2]In pertinent part, § 2000e-16(c) provides:

> Within 90 days of receipt of notice of final action taken by a department, agency . . . or by the Equal Opportunity Commission upon an appeal from a decision or order of such department, agency or unit on a complaint of discrimination based on . . . sex . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action. . . ."

4

matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1).

USPS argues that pursuant to § 2000e-16(c), Plaintiff has waived "the claims at issue in . . . *Smith I*." USPS reasons, by the time Plaintiff voluntarily dismissed *Smith I* in December 2005, the 90-day time period for filing a Title VII claim on the basis of the *Smith I* allegations had "long since passed." USPS relies on Section 1614.105(a)(1) for the proposition that Plaintiff has "also waived any action based on allegations of conduct occurring more than 45 days before the time she contacted an EEO counselor" in August 2005.

Even assuming the claims of harassment raised in *Smith I* may now be untimely under § 2000e-16(c), USPS has not demonstrated, for purposes of summary judgment, that there is no genuine issue of fact as to whether Plaintiff's asserted factual bases of sexual harassment here received final agency determination and were raised in *Smith I*. USPS simply asserts that Plaintiff "admitted in her deposition that most of the allegations [Plaintiff] has put at issue in this case took place years before she sought counseling in August 2005." This is insufficient to show "waiver" under 42 U.S.C. § 2000e-16(c). Further, although Section 1614.105 requires an employee to seek pre-complaint counseling within 45 days of the effective date of the action alleged to be discriminatory (and many of the incidents contained in Plaintiff's Information occurred more than 45 days prior to her August 2005 Information), Plaintiff characterizes her claim in this case as a "continuing violation," as recognized in *National R. R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). To succeed under a continuing violation theory, a plaintiff must demonstrate that the acts of alleged discrimination are part of an ongoing pattern of

discrimination and that at least one of the alleged discrete acts of discrimination occurred within the relevant limitations period. *Young v. Will Cty. Dept. of Public Aid*, 882 F.2d 290, 292 (7th Cir. 1989). Several of Plaintiff's asserted acts of harassment took place within the 45 days before Plaintiff sought counseling in August 2005. This is sufficient to show that Plaintiff's alleged claim of harassment here is timely under a continuing violation theory and has not been "waived." *See Pastrana v. Federal Mogul Corp.*, 683 F.2d 236, 242 (7th Cir. 1982) (doubts on jurisdictional timeliness are to be resolved in favor of trial).

USPS has not shown that summary judgment is appropriate on the basis of waiver.

*Plaintiff's Prima Facie Case*

In order to establish a *prima facie* case of hostile environment sexual harassment under Title VII, a plaintiff must show that: (1) she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability. *Valentine v. City of Chicago*, 452 F.3d 670, 677 (7th Cir. 2006).

USPS argues Plaintiff has failed to establish a *prima facie* case because Plaintiff has adduced no evidence that the conduct of which she complains – sexually explicit comments and rumor-spreading by Plaintiff's coworkers and supervisors – was motivated

by Plaintiff's sex.

The Seventh Circuit has made clear that a *prima facie* case of sexual harassment under Title VII requires a showing that "but for the plaintiff's sex, he or she would not have been the subject of the harassment." *Pasqua v. Metropolitan Life Ins. Co.*, 101 F.3d 514, 517 (7th Cir. 1996) (*Pasqua*). In *Pasqua*, the court held this elementary requirement was lacking because there was not "even a hint in the record that any rumors of vulgar statements" made about the plaintiff (concerning his relationship with a female co-worker) were made "because of" plaintiff's gender. The court noted that "both men and women alike were talebearers" of the rumors. *Id.*

USPS contends that here, as in *Pasqua*, there is no evidence that the rumors Plaintiff alleges to have been circulated about her were initiated or perpetuated because of Plaintiff's sex. Rather, USPS points to Plaintiff's deposition testimony in which Plaintiff stated that she thought her coworkers were picking on her "because I stay to myself a lot." She further testified that she thought her coworkers conduct was "because of the overtime I made. I made a lot of money on overtime, and I know some of them had a big problem with that." (Pltf. Dep. at 69.) In addition, as in *Pasqua*, both men and women alike allegedly initiated and perpetuated the rumors and remarks. This evidence demonstrates that the alleged sexually explicit comments and rumors were not made because of Plaintiff's sex.

As *Pasqua* recognized, workplace rumors of a sexual nature can "spread, irrespective of truth, for any number of reasons, having nothing to do with gender discrimination." The Seventh Circuit observed in *Johnson v. Hondo, Inc.*, 125 F.3d 408,

7

412 (7th Cir. 1997), that, unfortunately, sexually explicit remarks and vulgarity in the workplace ordinarily are "simply expressions of animosity or juvenile provocation."

However, in order to survive summary judgment on a claim of sexual harassment under Title VII, Plaintiff must adduce evidence sufficient to create a triable issue that the sexually explicit remarks and conduct alleged were made about and toward her because of her sex. *See id.* Plaintiff has failed to point to such evidence.

In her opposition brief, Plaintiff argues that her deposition testimony (that her coworkers treated her as they did because they were jealous of her overtime pay or because she kept to herself) was only "speculation." She attempts in her brief to discredit the reasons she gave in her deposition for her coworkers' conduct. But Plaintiff does not point to evidence indicating that her coworkers' alleged conduct was because of her sex. Merely alleging "sexual harassment" is insufficient.

The only evidence Plaintiff cites is the deposition testimony of her coworker, Sammie Lawrence. Lawrence's testimony does not suggest that Plaintiff's coworkers harassed her because of her sex. Rather, Lawrence's testimony is consistent with the reasons Plaintiff surmised in her deposition. Lawrence testified:

> Q. Do you know why they didn't like her?
> A: Because she stayed to herself the majority of the time. And she didn't socialize with them in their filth.
> Mr. Jones: In their what?
> A: In their filth. The way they talked.[3]

---

[3] Lawrence's deposition also fails to establish that sexual comments made by Plaintiff's coworkers were even made to Plaintiff. Lawrence testified:
> Q: Did you ever seeing them use that language to [Plaintiff]?
> A: Not to her. But if she was in their unit sometimes you could hear them, you know, making fun, saying curse words and stuff around. That's all I know.

8

This testimony indicates Plaintiff's coworkers, both men and women, harassed Plaintiff because she stayed to herself and did not join them in their vulgar office banter. While Plaintiff's evidence characterizes boorish, juvenile and indeed mean-spirited workplace behavior, it does not show that Plaintiff was harassed because of her sex, which is a required element of a *prima facie* case under Title VII.

Plaintiff argues that sexually vulgar epithets and comments "should be prohibited regardless of their motive" because "from the point of view of the victim, for whom the law is designed, it doesn't matter what the gender offender's motive is." However, the Seventh Circuit has repeatedly stated that to be actionable under Title VII, the putative harassment must occur "because of" the plaintiff's sex. *Pasqua*, 101 F.3d at 517; *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 975 (7th Cir. 2004) ("In order to be an actionable claim of hostile work environment, Wyninger must first demonstrate that a supervisor or coworker harassed her because of her sex.")

Plaintiff has not adduced evidence sufficient to create a material issue that the comments and rumors made to and about her at work were made because of her sex; therefore, Plaintiff's Title VII claim fails.[4]

---

[4] USPS also argues Plaintiff's *prima facie* case fails because Plaintiff's own, uncorroborated testimony is insufficient to show the alleged conduct occurred and because the conduct Plaintiff alleges is not objectively severe enough to rise to the level of an actionable hostile work environment or sexual harassment in this circuit. However, summary judgment is not warranted on these bases. While Plaintiff's case would certainly be stronger if her story were corroborated by other witnesses, this does not mean Plaintiff's testimony alone is insufficient to demonstrate that the conduct occurred. The credibility of Plaintiff's version of the events would be for a jury, not the Court, to determine. Furthermore, "occasional vulgar banter, tinged with sexual innuendo . . . generally does not create a work environment that a reasonable person would find intolerable." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 941 (7th Cir. 2007). However, repeated incidents of sexual jokes, crude remarks and teasing by coworkers can be sufficient to create a genuine issue of material fact regarding a hostile work environment. *See*

## CONCLUSION

Plaintiff has failed to demonstrate a *prima facie* case under Title VII because she has not adduced evidence to show she was subjected to sexually harassing conduct because of her sex. For this reason, USPS's motion for summary judgment (Docket No. 75) is granted. USPS's Motion to Strike portions of Plaintiff's response to USPS's Rule 56.1 statement of facts (Docket No. 93) is denied.

Date: March 3, 2009

JOHN W. DARRAH
United States District Court Judge

---

*Deitz v. R.R. Donnelly & Sons Co.*, 1996 WL 109596, at *5 (N.D. Ill. March 11, 1996); *see also Marquis v. Tecumsa Products Co.*, 206 F.R.D. 132, 174 (E.D. Mich. 2002) ("repeated, ongoing, and seemingly commonplace incidents" of sexual jokes, crude remarks and teasing by several coworkers "preclude a determination as a matter of law as to the existence of a hostile work environment.") Here, the evidence viewed in the light most favorable to Plaintiff creates a genuine issue of fact on this point.

10